**David D. NEWSOM, Jr., Appellant,**

**v.**

**David Duvall NEWSOM, Sr. and Ann C. Newsom; Edith Cox, Lincoln Circuit Court Clerk; and Hon. Robert J. Jackson, Circuit Judge, Appellees.**

No. 89–CA–478–S.

Court of Appeals of Kentucky.

March 30, 1990.

Robert R. Baker, Rankin & Baker, Stanford, for appellant.

David D. Newsom, Sr. and Ann C. Newsom, Stanford, pro se.

Edith Cox, Stanford, pro se.

Robert J. Jackson, Nicholasville, pro se.

Before EMBERTON, HAYES and WILHOIT, JJ.

HAYES, Judge:

David D. Newsom, Jr. appeals from an order entered in Lincoln Circuit court denying his request for a second inspection of his adoption records.

In August, 1988 the appellant, age 45, petitioned the court to permit inspection of his adoption records pursuant to KRS 199.-572 of Kentucky's adoption statute. The court then issued an order requiring the Cabinet for Human Resources [Cabinet] to locate the biological parents within six months to obtain their written consent. KRS 199.572(3). The Cabinet responded by affidavit stating that there was no need to conduct a search for appellant's mother as appellant had already located and contacted her on his own. There was no search for the father as none had been listed on the birth certificate. Appellant's mother executed her written consent to inspection of any and all adoption records. Thereafter the court issued an order on July 18, 1988, permitting inspection but prohibiting copying of any documents and prohibiting permanent opening of the records, in order to retain their confidential nature.

Appellant inspected the records. Several months later appellant again requested to inspect the documents but his request was denied by the court on grounds that continued inspection was not intended by the legislature. This appeal followed.

Appellant argues that such denial was erroneous as when he viewed these records their confidential nature was lost and that he should be permitted to inspect them again as long as the statutory procedures are followed. We agree.

KRS 199.572 outlines the procedures to be followed. The petitioner initially applies to the circuit court for authorization to inspect all papers and records pertaining to the adoption proceedings. The Cabinet is then directed to personally notify the biological parents to obtain their consent. If both parents are deceased or cannot be located, the court may order that the records shall be open for inspection. Nowhere in the statute is there a restriction on the number of times the petitioner may view the documents. As that statute is relatively new, enacted July 15, 1986, there is no case law on this issue. However, as the trial court in its initial order denied the appellant's request to copy the material, it was an abuse of discretion to deny his request to inspect the records a second time.

Accordingly, the order of the Lincoln Circuit Court is reversed and this case remanded for proceedings consistent with this opinion.

All concur.